IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EUGENE CRUM,                          )
                                      )
                Plaintiff,            )
                                      )
v.                                    )        CIVIL ACTION NO.  2:04CV497-T
                                      )        [WO]
STATE OF ALABAMA, GOVERNOR            )
BOB RILEY, and the ALABAMA            )
DEVELOPMENT OFFICE,                   )
                                      )
                Defendant.            )

## ORDER ON MOTION

On 18 April 2005, the court entered an order (Doc. # 54) granting the plaintiff's

Motion to Quash Subpoena (Doc. # 37).  The defendants filed a Motion for Reconsideration

of that order on 20 April 2005 (Doc. # 55).  Upon consideration of the motion, and for good

cause, it is

ORDERED that the motion is GRANTED.

Defendants requested from an entity known as T-Mobile "billing statements and

documentation of incoming and outgoing cell phone calls on Plaintiff's cell phone from the

time the cell phone was activated to the present".  From Gardnyr Capital, the defendants

requested "all documentation regarding business transactions between [sic] Gardnyr,

Plaintiff, and Western Dynamics from July 1, 2000 to the present."

As justification for the requests, the defendants contend that the requested records

> are relevant to show the amount of income that Plaintiff has
> earned since he was discharged from ADO, as well as the

breadth and variety of his business activities.

Moreover, they argue that the records are relevant on the issue of "the nature, frequency, and success of Plaintiff's business activities", that the plaintiff has waived his objections to the documents from T-Mobile, and that, in any case, T-Mobile has already produced the requested records.

As the defendants indicated in their motion, in considering the plaintiff's motion to quash subpoena (Doc. # 37), the court did not review the defendants' responsive brief, because it was filed under seal and had not then been made a part of the official record in this case. The court has now reviewed the brief (Doc. # 50) and FINDS that the plaintiff's motion, as to the T-Mobile records, was indeed untimely. Moreover, it further appears that, at the time he filed his motion to quash, the plaintiff had previously produced some of the same records subpoenaed from T-Mobile. The court agrees with the defendants that, to that extent, he waived his right to object to T-Mobile's compliance with the subpoena by producing records already provided to defendants by the plaintiff.

The court still regards the request for the Gardnyr records as overly broad. Indeed, the court has previously granted discovery requests propounded by the defendants which will yield the same financial information regarding plaintiff's involvement with Gardnyr and Western Dynamics. To determine the nature of the plaintiff's dealings with Gardnyr and Western Dynamics and his financial gain therefrom, it is simply unnecessary for defendants to view "all documentation regarding business transactions" with those entities.

Accordingly, it is specifically

ORDERED that the defendants' Motion For Reconsideration (Doc. # 55), is

GRANTED.  Upon reconsideration of the order, it is further ORDERED as follows:

1.    The court's order of 18 April 2005 (Doc. # 54) is VACATED to the extent that it grants the motion to quash the subpoena served on T-Mobile.  In all other respects, the order retains its full force and effectiveness.

2.    The defendants may review and use in preparation for trial the documents they received from T-Mobile.

3.    The subpoena to Gardnyr Capital remains QUASHED, and Gardnyr Capital is hereby RELIEVED of any obligation to comply with the subpoena or produce  the requested documents to the defendants.

DONE this 26th day of April, 2005.


/s/ Vanzetta Penn McPherson
VANZETTA PENN MCPHERSON
UNITED STATES MAGISTRATE JUDGE